FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL -1 2010

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DESHAUN DENNIS           *

v.                       *      Civil No. RDB-10-52

UNITED STATES OF AMERICA *

\* \* \* \* \* \* \* \* \* \* \* \* \*

UNITED STATES OF AMERICA *

v.                       *      Criminal No. RDB-08-12

DESHAUN DENNIS           *

## MEMORANDUM OPINION

On January 8, 2010, Petitioner Deshaun Dennis ("Petitioner" or "Dennis"), a federal prison inmate, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Dennis challenges his October 14, 2008 conviction for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and conspiracy to possess and transfer false identification documents in violation of 18 U.S.C. § 371. Dennis asserts that he received ineffective assistance of counsel, the prosecutor was guilty of misconduct, and the sentence was improper. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons set forth below, Petitioner's motion (Paper No. 171) is DENIED.

## BACKGROUND

During the investigation in this case, federal agents recorded Deshaun Dennis discussing drug deals. On January 10, 2008, the agents executed a federal search and seizure warrant at Dennis's home in Dover, Delaware, where they found a loaded handgun. Dennis was prohibited

1

from possessing a weapon because he had a prior conviction for possession of a controlled and dangerous substance. Though Dennis had no verifiable work history, and had not filed state or federal tax returns, agents also found $41,310 in cash in Dennis's home. Further, the agents discovered a fake Maryland driver's license with Dennis's picture, but in the name of another individual.

On September 9, 2008, Dennis was charged with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (Count 1) and conspiracy to possess and transfer false identification documents in violation of 18 U.S.C. § 371 (Count 2). On October 14, 2008, Dennis entered a plea of guilty on both counts, pursuant to a plea agreement containing a waiver of rights and factual admissions. Specifically, Dennis waived his right to appeal, and stipulated that he conspired to sell and, with his co-conspirators, sold over 50 kilograms of cocaine and over 1.5 kilograms of crack cocaine. The government recommended a sentence of 20 years (240 months). Dennis requested the minimum allowable sentence of 15 years (180 months). On January 15, 2009, this Court sentenced Dennis to 204 months of imprisonment, 24 months above the mandatory sentence required by statute.

Dennis asserts that his motion should be granted on three grounds. First, Dennis claims he received ineffective assistance of counsel because his attorney improperly advised him to plead guilty without fully explaining the implications of such a plea. Second, Dennis alleges prosecutorial misconduct because the prosecutor allegedly withheld certain evidence and offered a punitive plea agreement. Third, Dennis maintains that his sentence is improper because this Court held him responsible for selling more drugs than were attributable to him.

ANALYSIS

I. <u>Ineffective Assistance of Counsel</u>

Dennis alleges that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because his lawyer's errors and misrepresentations caused him to accept a plea agreement instead of going to trial. As the Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 669 (1984), the test for determining whether a petitioner has received ineffective assistance of counsel is: 1) whether counsel's performance was deficient, and 2) whether that alleged deficient representation prejudiced the petitioner. The first prong is satisfied if the petitioner can show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 669. A court applying the *Strickland* test must evaluate a lawyer's actions from the lawyer's perspective at the time, with a strong presumption of reasonableness. *Id.* Under the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The United States Court of Appeals for the Fourth Circuit has held that a petitioner who has entered a guilty plea must further prove that "but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotation marks omitted)).

Dennis contends that his lawyer's performance was deficient because his lawyer 1) failed to explain fully the government's burden to prove every element of the alleged offenses beyond a reasonable doubt, 2) did not consult him regarding his right to file an appeal, and 3) misled him about his chances of being convicted and the potential severity of his sentence. Dennis has not established that his lawyer performed deficiently under the first prong of the *Strickland* test

3

because, when evaluated from the lawyer's perspective at the time of the events, his counsel acted within the objective standard of reasonableness in relation to each of Dennis's allegations of ineffective assistance.

First, Counsel met with Dennis several times to explain and discuss the contents of the plea agreement. *See* Rosenberg Aff. ¶¶ 2-4. The plea agreement explicitly states the government's evidentiary burden at trial. Paper No. 133 at 3. Dennis does not present any evidence that he did not read this provision or that his lawyer did not explain it to him. Second, the plea agreement also specifies the appeal rights that Dennis waived by signing (Paper No. 133 at 6), and Counsel discussed this waiver with Dennis (Rosenberg Aff. ¶ 4). Under *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), a lawyer has a constitutional obligation to consult his client about an appeal if his client either explicitly asks, or reasonably demonstrates an interest in appealing, even if the client has waived that right by a plea agreement. However, there is no evidence that Petitioner asked Counsel to appeal, nor that he made a reasonable demonstration that he wished to appeal his sentence. Paper No. 171 at 8. Furthermore, the guilty plea was accepted by this Court after a thorough advice of rights pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Petitioner's guilty plea greatly reduced the scope of appealable issues and also demonstrated his desire to end the proceedings. *See Roe*, 528 U.S. at 471. Thus, Counsel reasonably concluded that Dennis did not wish to appeal his sentence.

Finally, Counsel reasonably advised Dennis to take the plea agreement and avoid going to trial because he felt the government had a very strong case. The government had multiple witnesses prepared to testify that Dennis was a senior member of a drug dealing operation, as well as taped conversations of Dennis and one of his co-conspirators discussing crack, cocaine, and heroin deals. Paper No. 133 at 4. If he had gone to trial in the face of this evidence, Dennis

would have exposed himself to the possibility of a life sentence plus five years in prison, the maximum sentence allowed for both counts, whereas the government sought only 20 years (240 months) in the plea agreement. Thus, Counsel acted within objective standards of reasonableness in all facets of Dennis's representation.

Under the second prong of the *Strickland* test, Dennis claims that his counsel's alleged errors prejudiced him because Dennis would not have accepted the plea agreement and would instead have gone to trial but for his counsel's alleged errors. Dennis stated during his rearraignment, however, that he was completely satisfied with his representation. Unless Dennis presents clear and convincing evidence to the contrary, he is bound by these stipulations. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Dennis also signed a statement that his plea agreement was voluntary and that his attorney helped him to understand it completely. *Id.* Dennis vaguely contends that "evidence not in the record" shows his desire to appeal. Paper No. 171 at 5. Such unsupported statements do not meet the clear and convincing evidence standard that is required to prove that he intended to reject the plea agreement and stand trial. Thus, Dennis's claim that he received ineffective assistance of counsel is unsuccessful because he has not presented any proof that his lawyer's performance was deficient or that any alleged deficiency prejudiced him.

II. Prosecutorial Misconduct

Dennis also claims that the government is guilty of prosecutorial misconduct because the prosecutor 1) withheld material evidence and 2) acted vindictively. Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a prosecutor violates a defendant's due process rights when he suppresses favorable evidence that is material to the defendant's guilt or punishment. Dennis argues that the government violated his due process rights because the prosecutor failed to

5

disclose information about false and misleading testimony that would have reduced his sentence. Dennis does not, however, specify what evidence the prosecutor allegedly withheld nor what testimony he suppressed.

Dennis also contends that the prosecution vindictively offered a punitive plea agreement because he did not cooperate in the case against his co-defendants. To prove prosecutorial vindictiveness, a defendant has the burden to show that a prosecutor acted with genuine animus toward the defendant and that the defendant would not have been prosecuted but for that animus. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). If a defendant cannot show direct evidence of genuine animus, he can establish a rebuttable presumption of vindictiveness by showing that a "reasonable likelihood of vindictiveness exists." *United States v. Goodwin*, 457 U.S. 368, 373 (1982). Dennis presents no evidence of prosecutorial vindictiveness. As explained, Dennis signed a plea agreement and did not appeal his case. Though Dennis refused to cooperate in the case against his co-defendants, the government offered him a plea agreement and recommended a sentence of 240 months instead of the maximum sentence of life plus five years. This indicates that the plea agreement was not punitive and that the prosecutor did not act vindictively. *See e.g., United States v. Williams*, 47 F.3d 658, 662 (4th Cir. 1995) (holding that a prosecutor is free to proceed with a more severe prosecution if, in the context of plea negotiations, a defendant refuses to cooperate in the criminal investigation of another person). Since Dennis's allegation of prosecutorial misconduct lacks specific evidentiary support, it is unsuccessful.

III. Improper Sentence

Finally, Dennis claims that his sentence constitutes a fundamental miscarriage of justice because this Court used several incorrect factors to determine its length. If a petitioner wishes to

challenge his sentence in a motion under § 2255 after failing to appeal it directly, he "must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Though he did not appeal his sentence directly, Dennis argues that he did not sell the quantity of drugs attributed to him in the plea agreement, therefore Dennis contends that he is actually innocent of this crime and thus can raise this new claim in his motion under § 2255. *Id.* In the Fourth Circuit, the actual innocence exception applies only to sentences for capital crimes and to cases where a sentence was enhanced because a defendant qualified for career or habitual offender status. *See id.* at 495–96. Dennis was not convicted of a capital crime and did not qualify as a career or habitual offender. Therefore the actual innocence exception has no applicability to his case.

CONCLUSION

Dennis's claims of ineffective assistance of counsel, prosecutorial misconduct, and improper sentence are without merit. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence (Paper No. 171) is DENIED. A separate Order follows.

July 1, 2010

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge